**Elena ALVAREZ, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 04–3192.**

United States Court of Appeals, Federal Circuit.

Oct. 8, 2004.

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Elena Alvarez appeals the decision of the Merit Systems Protection Board, Docket No. SF844E030089–I–1, affirming the denial of her application for disability retirement benefits. We *affirm.*

BACKGROUND

Ms. Alvarez was employed as a letter carrier with the United States Postal Service. She fell and was injured at work in July and again in September of 1986. The injuries required her to take short absences from work. In 1990 she became a window clerk for the Postal Service. In January of 2001 she injured her back while attempting to lift a fifty-found parcel and thereafter suffered intermittent pain, primarily in her back. In July of 2001 she stopped working, at her own volition. She states that she was told that she must return to work or would be fired, so she resigned.

On November 26, 2001 Ms. Alvarez applied for disability retirement benefits, stating that she was disabled due to pain in her "neck, shoulders, mid and low-back" caused by her falls in 1986. The Office of Personnel Management denied the claim on July 23, 2003, finding that no injury prevented her from working in the position of window clerk with relatively minor accommodation. The OPM denied reconsideration, and Ms. Alvarez appealed to the Merit Systems Protection Board. The administrative judge sustained the OPM's decision on March 12, 2003. Ms. Alvarez then petitioned the full Board, submitting additional medical documentation. On January 21, 2004 the full Board denied the

petition, stating that no new, previously unavailable, evidence had been submitted.

## DISCUSSION

Review by the Federal Circuit of disability rulings is limited to determining whether there was a substantial departure from important procedural rights, a misconstruction of the governing legislation, or a similar error that goes "to the heart of the administrative determination." *Anthony v. Office of Pers. Mgmt.*, 58 F.3d 620, 626 (Fed.Cir.1995) (quoting *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985)). We are precluded by 5 U.S.C. § 8461(d) from reviewing the facts, merits, or correctness of the disability determination. *Lindahl,* 470 U.S. at 791, 105 S.Ct. 1620. The questions presented on this appeal, however, all relate to the factual aspects of disability, such as the effects of the workplace injuries, and whether Ms. Alvarez could have worked the window clerk position with the various accommodations that were made or offered.

We take note that the OPM and the MSPB considered various medical reports. The administrative judge advised Ms. Alvarez to focus on the medical evidence, and provided additional time for her to obtain evidence substantiating her inability to work. Ms. Alvarez submitted to the full Board additional medical evidence, some of which was obtained after the decision of the administrative judge. OPM states that Ms. Alvarez had not shown that this evidence was not previously available despite due diligence, 5 C.F.R. § 1201.115(d). OPM also states that evidence of her present condition does not show that she was unable to work at the time she voluntarily resigned, citing 5 U.S.C. § 8451, and 5 C.F.R. § 844.103 (1999) ("The individual must, while employed in a position subject to FERS, have become disabled . . .").

Review of the substance of the evidence of disability is not available in this court. Thus the Board's finding that Ms. Alvarez was not disabled at the time she voluntarily resigned is not subject to our review. Since we discern no substantial departure from important procedural rights, the Board's decision must be affirmed.

No costs.